TUCKER, D/B/A TUCKER TELEVISION TOWER COMPANY *v.* SHAW ET AL.

[No. 18,843. Filed December 7, 1956. Rehearing denied January 11, 1957. Transfer denied April 17, 1957.]

*Harlan, Brubaker, Harlan & Schussler,* and *Andrew C. Cecere,* all of Richmond, for appellant.

*John M. Heeter* and *John J. Dillon,* both of Indianapolis, for appellees.

PER CURIAM.—This is an appeal from an award of the Industrial Board wherein appellees filed Form 10 seeking compensation as partial dependents resulting from the death of their minor son, age seventeen, as well as double benefits on the theory that the deceased was at the time of the accident resulting in his death, working in violation of the provisions of the Child Labor Act, §28-523, Burns' 1948 Replacement.

The Board made an award favoring appellees, that the decedent contributed his weekly wage of Thirty-Two Dollars and Fifty Cents ($32.50) to appellees, and awarded compensation in equal shares at the weekly

rate of Nineteen Dollars and Fifty Cents ($19.50) for a period not to exceed three hundred and fifty (350) weeks, or until terminated by law, plus statutory burial expense.

It is appellant's contention that by reason of the deceased not being self-sustaining, the appellees could not be dependent upon him for support, when, as shown by the record, the appellee father had three separate sources of income totaling approximately Five Thousand ($5,000.00) Dollars; that the record shows as a matter of law the appellees were not partially dependent upon the deceased employee and that there is no evidence to support the finding and award of the Board of partial dependency. Further, that there is insufficient evidence to sustain the finding of the Board of an average weekly wage of the employee of Thirty-Two Dollars and Fifty Cents ($32.50) per week.

The Hearing Member, as a part of his finding, specially found, "It is further found at the time of decedent's accidental injury and death decedent was engaged in an occupation which said occupation was in violation of the provisions of the Indiana Child Labor Law, same being prohibited employment for minor children". Upon review, the Full Board found in that respect as follows: "It is further found that at the time of said decedent's accidental injury and death he was not engaged in any occupation dangerous to life and limb".

Cross errors were assigned by appellees contending that as a matter of law the evidence establishes a violation of the provisions of the Child Labor Law, §28-523, *supra,* and, therefore, under the provisions of §40-1701 (b), Burns' 1952 Replacement, appellees are entitled to double benefits.

Upon appellant's contention that there is insufficient evidence to support the award as to partial dependency

and that of the average weekly wage of Thirty-Two Dollars and Fifty Cents ($32.50), this court is in disagreement. Three members believe the award of the Full Board should be affirmed, and three members believe it should be reversed. Accordingly, therefore, on that issue, judgment is affirmed.

At the time of decedent's death, he was in the process of raising from the ground a TV antenna by some type of a raising device attached to the antenna. Appellees argue that such raising device comes within the provisions of §28-523, *supra*, which provides, in part, as follows: ". . . in the operation of any elevator, lift, or hoisting machine; . . .".

Appellant argues that there is no evidence in the record that the use of a crank attached to a spindle on the antenna which the decedent was operating in this case constitutes a lift or a hoisting machine as the same is used in the Act. We find no evidence, expert or otherwise, to show that the operation of the pulley was an elevator, lift or hoisting machine, all of which are mechanical machines.

This court is of the unanimous opinion that the award of the Industrial Board, to the effect that the decedent was not engaged in any occupation dangerous to life or limb, was correct. *Burroughs Adding Machine Company* v. *Dehn* (1942), 219 Ind. 350; 38 N. E. 2d 569. Accordingly, therefore, award is affirmed.

NOTE.—Reported in 138 N. E. 2d 289.